UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TROY UNIVERSITY,<br><br>　　　　Defendant. | CASE NO. 2:10-cv-342-MEF-TFM<br><br>(WO - DO NOT PUBLISH) |

**CONSENT DECREE**

This matter is before the Court for entry of judgment by consent of the Parties to effectuate a compromise and settlement of all claims in the above-captioned case. After review and consideration, the Court determines that entry of this judgment is in the interest of justice.

1.　　Plaintiff United States of America ("United States"), commenced this action in the United States District Court for the Middle District of Alabama, alleging that defendant Troy University ("Troy") willfully violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA") by: (a) terminating Cleopatra Jones' ("Jones") employment while Jones was performing military service; and (b) failing to promptly reemploy Jones upon her return from military service in either the position she would have held had Jones' employment not been interrupted by military service, or a position of like seniority, status and pay.

2.　　Troy denies that it has violated USERRA. Nevertheless, as a result of settlement discussions, the United States and Troy (collectively, the "Parties") have resolved their differences and have agreed that this action should be settled by entry of

this Consent Decree ("Decree"). It is the intent of the Parties that this Decree be a final and binding settlement in full disposition of any and all claims alleged in the Complaint filed in this case. By her signature on the accompanying release (Doc. #7-3), Jones agrees that the relief provided in this Decree is a satisfactory resolution of her USERRA claims raised in the United States Department of Labor Case No. AL-2009-00009-20-R and the Complaint filed in this case.

## STIPULATED FACTS

3. Pursuant to USERRA, the Parties acknowledge the jurisdiction of the United States District Court for the Middle District of Alabama over the subject matter of this action and of the Parties to this action for the purpose of entering and, if necessary, enforcing this Decree.

4. Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to this Decree. Troy agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

## FINDINGS

5. Having examined the terms and provisions of this Decree, the Court finds the following:

    a. The Court has jurisdiction over the subject matter of this action and the Parties to this action.

    b. The terms and provisions of this Decree are lawful, fair, reasonable and just. The rights of the Parties are protected adequately by this Decree.

      c.      This Decree conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person. The entry of this Decree will further the objectives of USERRA and other applicable laws and will be in the best interest of the Parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## NON-ADMISSION

6.     This Decree, being entered with the consent of the Parties, shall not constitute an adjudication or finding on the merits of the action and shall not be construed as an admission by Troy of any violations of USERRA, or any other law, rule or regulation dealing with, or in connection with, the rights of service members.

## COMPLIANCE WITH USERRA

7.     Troy shall not fail or refuse to hire any individual, discharge any employee, or take any other adverse action against any employee, based upon the military service obligation or past or present military service of such individual or employee, in violation of USERRA.

## NON-RETALIATION

8.     Troy shall not take any action against any person, including but not limited to Jones, that constitutes retaliation or interference with the exercise of such person's rights under USERRA because such person gave testimony, provided assistance or

participated in any manner in any investigation or proceeding in connection with this action.

## REMEDIAL RELIEF

9.  For and in consideration of the settlement of all claims of the United States in this action, Troy shall provide remedial relief to Jones as follows.

10. Within twenty-one (21) days of entry of this Decree, and upon Troy's receipt of the Executed Release (Doc. #7-3), Troy shall pay Jones a total monetary award of $36,960.00 (thirty-six thousand nine hundred sixty dollars). This monetary award shall be allocated as follows:

   a.  $29,060.00 (twenty-nine thousand sixty dollars) shall be wage income attributable to back pay and front pay;

   b.  $700.00 (seven hundred dollars) shall be attributable to interest on the award of back pay;

   c.  $4,255.00 (four thousand two hundred fifty-five dollars) shall be attributable to non-taxable reimbursement of medical expenses; and

   d.  $2,945.00 (two thousand nine hundred forty-five dollars) shall be wage income attributable to missed pension contributions.

Troy shall withhold all appropriate income tax deductions associated with the monetary award paid to Jones that is attributable to wage income. Troy shall pay all monies withheld from the wage income award to the appropriate governmental agencies on behalf of Jones. Troy shall separately pay the appropriate employer's contribution to the Social Security and Medicare funds due on the wage income award on behalf of

Jones, i.e., the employer's contribution shall not be deducted from the wage income award to Jones. Troy shall issue to Jones, in the ordinary course of business, the appropriate United States Internal Revenue Service ("IRS") tax forms reflecting the amounts paid to Jones and the amounts withheld by Troy, *i.e.* an IRS Form W-2 and an IRS Form 1099INT.

11. Troy shall pay the monetary awards set forth in Paragraph 10, by three certified checks: one (1) check for the amount attributable to wage income, less income tax deductions and withholdings; one (1) check for the amount attributable to interest; and one (1) check for the amount attributable to non-taxable reimbursement of medical expenses. All three checks shall be made payable to Cleopatra Jones, and sent via an overnight delivery service (such as FedEx or UPS) to the United States at the following address:

>  Esther G. Lander, Esq.
>  Employment Litigation Section
>  Civil Rights Division, Room 4902
>  Patrick Henry Building
>  United States Department of Justice
>  601 D Street, N.W.
>  Washington, D.C.
>  20579 (FedEx Zip Code) 20004 (UPS Zip Code)

12. Notwithstanding any provision of this Decree, Troy shall be under no obligation to pay the monetary awards set forth in Paragraph 10 above, until and unless a properly executed and notarized copy of the Release (Doc. #7-3) is delivered to counsel for Troy at the following address:

        Christopher A. Mixon, Esq.
        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, Alabama 35222

13. Within fourteen (14) days from the date of entry of this Decree, Troy shall:

    a. Remove from all personnel records maintained by Troy any discipline or proposed discipline of Jones based on Jones' absence for military service;

    b. Update all personnel records maintained by Troy to reflect that Jones resigned from Troy on January 5, 2009 following Jones' military service; and

    c. Send written confirmation of its compliance with this paragraph to counsel for the United States via facsimile and to the address in Paragraph 11, above.

## **RETENTION OF JURISDICTION, DISPUTE RESOLUTION AND COMPLIANCE**

14. This Decree constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure on all claims asserted, or that could have been asserted by the United States, in this action. The Court, however, retains jurisdiction over this action for the purpose of entering appropriate orders interpreting and enforcing this judgment.

15. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The Parties shall engage in good faith

efforts to resolve any dispute concerning compliance with this Decree prior to seeking review by the Court. The Parties shall give notice to each other ten (10) days before moving for review by the Court. Either party may conduct expedited discover under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Decree or defending against a claim of non- compliance.

## MISCELLANEOUS

16. The Parties shall bear their own costs and expenses, including attorneys' fees.

17. If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected and the other provisions shall remain in full force and effect.

18. The terms of this Decree are and shall be binding upon present and future owners, officers, directors, employees, agents, representatives, successors, and assigns of Troy.

19. This Decree constitutes the entire agreement and commitments of the Parties. Any modifications to this Decree must be mutually agreed upon and memorialized in writing signed by the United States and Troy.

## EFFECTIVE DATE AND DURATION OF DECREE

20. The effective date of this Decree shall be the date upon which it is entered by the Court.

21. The clerk is ORDERED to terminate this case.  However, the parties have leave to file a request to re-open this case within one year of the date of this order.  The

United States may move, for good cause, to extend the Decree. The Decree will not be extended, however, unless the Court grants the United States' motion. Any such extension may be granted by the Court only for such time as is necessary to effectuate the terms set forth in this Decree.

APPROVED and ORDERED this the 10th day of May, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE
